Hector A. CAMARENA, Petitioner—Appellant,

v.

J.E. SLADE, Warden, Respondent—Appellee.

No. 03–55108.

D.C. No. CV–02–03398–PA/RMC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2004.

Decided Sept. 7, 2004.

---

Aaron M. May, Munger, Tolles & Olson, Los Angeles, CA, for Petitioner–Appellant.

Hector A. Camarena, Debra A. Yang, USLA—Office of the U.S. Attorney, Adelanto, CA, for Respondent–Appellee.

Before PREGERSON, McKEOWN, and BYBEE, Circuit Judges.

## MEMORANDUM *

Pursuant to 18 U.S.C. § 3621(e), eligible prisoners may participate in a drug rehabilitation program in which prisoners who successfully complete the program may receive a sentence reduction of up to one year. The Bureau of Prisons ("BOP") regulations exclude from participation in this program those prisoners for whom the Immigration and Naturalization Service ("INS") has issued a letter of detainer. *See* 28 C.F.R. § 550.58(a)(1)(i); *see also McLean v. Crabtree*, 173 F.3d 1176, 1184 (9th Cir.1999) (holding that detainer exclusion is a permissible exercise of the BOP's authority). Following Camarena's successful completion of the program, and after the BOP determined that Camarena was eligible for early release, the INS issued a letter of detainer, stating that it was investigating whether Camarena was deportable. In response, the Bureau of Prisons ("BOP") rescinded Camarena's sentence reduction.

On appeal from the district court's denial of his petition for habeas corpus, Camarena argues that the tandem actions of the INS and the BOP violated his right to due process. With respect to Camarena's appeal of the actions of the INS, the district court properly dismissed Camarena's petition for lack of jurisdiction because he was not in the INS's custody at the time he filed his habeas petition. The INS's detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available. *Campos v. INS*, 62 F.3d 311, 314 (9th Cir.1995). Because Camarena is in the custody of the BOP, we have jurisdiction to consider his habeas petition with respect to the revocation of his early release.

We do not accept Camarena's argument that, once the determination is made, the BOP's grant of eligibility is irrevocable. The text of the enabling statute indicates otherwise: "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

treatment program *may be reduced* by the Bureau of Prisons...." 18 U.S.C. § 3621(e)(2)(B) (emphasis added). Camarena's reliance on *Cort v. Crabtree*, 113 F.3d 1081 (9th Cir.1997) and *Bowen v. Hood*, 202 F.3d 1211 (9th Cir.2000) is misplaced, as those cases concern the retroactive application of new eligibility criteria. In contrast, the detainer condition was in place at the time Camarena commenced his drug rehabilitation program, and therefore Camarena does not share the same settled expectations as did the plaintiffs in *Bowen*. Further, once the INS issued a detainer, Camarena became part of a category of prisoners no longer able to participate in transitional rehabilitation services, thus falling squarely within the BOP's authority to revoke the provisional eligibility determination.

However, that the grant of a sentence reduction is revocable does not mean that the BOP can revoke it at will. BOP regulations allow "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement," 28 C.F.R. § 542.10(a), and this review process "applies to all inmates in institutions operated by the Bureau of Prisons...." 28 C.F.R. § 542.10(b). Camarena did pursue the formal review process by writing letters of inquiry, and the BOP responded to his inquiry. There is no evidence in the record that Camarena pursued—or that the BOP denied—additional process. Camarena's assertion that he was entitled to additional process is unconvincing because he does not demonstrate why the available process was insufficient, or even why he failed to pursue the existing avenues of administrative remedy.

**AFFIRMED.**

PREGERSON, Circuit Judge, Dissenting in part.

This a disturbing case. On the one hand, the government offers Hector Camarena a year reduction in his sentence as an incentive for him to participate in drug treatment. On the other, the same government takes away that incentive based on what may be an invalid INS detainer. As Mr. Camarena points out, a prisoner deprived of a liberty interest in good time credit because of misconduct is entitled to (1) advanced written notice of the full extent of the charges; (2) an opportunity to present witnesses and documentary evidence; (3) a written statement by a fact finder providing the reasons for its decision; and (4) support by evidence in the record. *See Superintendent v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Here, Mr. Camarena was not charged with *any* misconduct but was nonetheless accorded less process. Had he been provided with such process, he would have at least had the opportunity to challenge the validity of the INS detainer. Ensuring such process would provide protection against what can only be described as a Kafkaesque scenario of a prisoner having no Bureau of Prisons remedy even when a detainer is issued in plain error, which could happen to a United States citizen. Nevertheless, Mr. Camarena is left with no mechanism to challenge the validity of a detainer until after he serves an additional year in prison. It is this year that the government offered him as an incentive to participate in drug treatment, which he did. It is manifestly unjust and unfair for the government to offer such an incentive with one hand, only to take it away with the other without first providing him with a timely and meaningful opportunity to challenge the validity of the detainer.

Accordingly, I respectfully dissent.